1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KENNETH MCDOW, et al.,                    No.  1:21-cv-00119-DAD-SKO

12              Plaintiffs,

13       v.                                    ORDER GRANTING PLAINTIFFS' MOTION
                                               FOR LEAVE TO FILE AN AMENDED
14   BETTY HARRIS, et al.,                     COMPLAINT AND DENYING DEFENDANT
                                               BANA'S MOTION TO DISMISS AS
15              Defendants.                    HAVING BEEN RENDERED MOOT

16                                             (Doc. Nos. 8, 14)

17

18       This matter is before the court on the motion to dismiss filed by defendant Bank of

19   America Corporate Center ("BANA") on February 26, 2021 and the *pro se* motion for leave to

20   file an amended complaint filed by plaintiffs on April 2, 2021.  (Doc. Nos. 8, 14.)  Pursuant to

21   General Order No. 617 addressing the public health emergency posed by the COVID-19

22   pandemic, the motions were taken under submission on the papers.  (Doc. No. 10.)[1]  For the

23   _____

24   [1] The undersigned apologizes for the excessive delay in the issuance of this order.  This court's
     overwhelming caseload has been well publicized and the long-standing lack of judicial resources
25   in this district long-ago reached crisis proportion.  That situation, which continued unabated for
     over twenty-two months but has now been partially addressed by the U.S. Senate's confirmation
26   of a new district judge for this court on  December 17, 2021, left the undersigned presiding over
     1,300 civil cases and criminal matters involving 735 defendants at last count.  Unfortunately, that
27   situation sometimes results in the court not being able to issue orders in submitted civil matters
     within an acceptable period of time.  This situation has been frustrating to the court, which fully
28   realizes how incredibly frustrating it is to the parties and their counsel.

                                           1

1   reasons explained below, the court will grant plaintiffs' motion for leave to file an amended

2   complaint and deny defendant BANA's motion to dismiss as having been rendered moot.

3                                    **BACKGROUND**

4          This litigation arises from a dispute among siblings regarding the provision of care for

5   their mother, who suffered a stroke in March 2019.  Plaintiffs Kennedy McDow and his mother

6   Lily McDow, both proceeding *pro se*, initiated this lawsuit against defendants Betty Harris,

7   Elnora Holloway, and Rychele Works (Kennedy's sisters / Lily's daughters) and against

8   defendant BANA.  (Doc. No. 1.)  Although not entirely clear from plaintiffs' *pro se* complaint, it

9   appears plaintiffs allege that following Lily's stroke, the defendant sisters placed Lily in a

10  rehabilitation center (instead of returning Lily to her home, where she lived with Kennedy) and

11  thereafter took control of Lily's bank accounts and other sources of incomes and stopped paying

12  Lily's bills (such as insurance policy payments and property taxes for her home).  (*Id.*)  In

13  addition, plaintiffs allege that defendant Harris obtained a power of attorney and "got a doctor to

14  write a letter stating that [Lily] was incapacitated." (*Id.* at 4.)  As for plaintiffs' allegations

15  regarding defendant BANA, plaintiff alleges that defendant BANA "had a duty to protect [Lily's]

16  account" and should have questioned the power of attorney presented by defendant Harris.  (*Id.* at

17  5.)

18         Defendants Harris, Holloway, and Works, also all proceeding *pro se*, filed an answer to

19  plaintiff's complaint on February 25, 2021.  (Doc. No. 9.)

20         On February 26, 2021, defendant BANA filed the pending motion to dismiss, arguing that

21  this court lacks subject matter jurisdiction as to plaintiffs' claims against it and that plaintiffs have

22  failed to state a cognizable claim against it.  (Doc. No. 8.)  Therein, defendant BANA argues that

23  although plaintiffs allege in their complaint that this court has diversity jurisdiction over this case,

24  the amount in controversy requirement is not satisfied as to defendant BANA specifically.  (*Id.* at

25  6, 9.)  That is, plaintiffs allege the following amounts in their complaint:  "income taken

26  $50,304," "life insurance $90,000," and "at stake foreclosures $337,763.20" (Doc. No. 1 at 4), but

27  /////

28  /////

1   plaintiffs do not clarify which of these amounts, if any, are attributed to defendant BANA.[2]   (Doc.

2   No. 8 at 6, 9.)   In addition, defendant BANA argues that plaintiffs have failed to state a

3   cognizable claim for relief against it because a bank has no duty to supervise account activity or

4   prevent a depositor's losses.   (Doc. No. 8 at 9–10.)

5            In lieu of filing an opposition to the pending motion to dismiss, on April 2, 2021,

6   plaintiffs filed a motion for leave to amend their complaint (Doc. No. 14), and on June 3, 2021,

7   plaintiffs lodged a copy of their proposed amended complaint (Doc. No. 15).

8            Because plaintiffs are proceeding *pro se*, the court has considered plaintiffs' motion for

9   leave to file an amended complaint even though it was filed in lieu of an opposition to the

10   pending motion to dismiss, rather than as a stand-alone noticed motion.   *See Eldridge v. Block*,

11   832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to

12   liberally construe the 'inartful pleading' of *pro se* litigants.") (citing *Boag v. MacDougall*, 454

13   U.S. 364, 365 (1982)).

14            Neither defendant BANA nor the defendant sisters filed any opposition or response to

15   plaintiffs' motion for leave to file an amended complaint.   Defendant BANA also did not file a

16   reply in support of its pending motion to dismiss.

17                                          **DISCUSSION**

18            The court has reviewed plaintiffs' complaint and proposed amended complaint,

19   recognizing that those pleadings shall be liberally construed in light of plaintiffs' *pro se* status and

20   that *pro se* filings "must be held to less stringent standards than formal pleadings drafted by

21   lawyers."   *Woods v. Carey*, 525 F.3d 886, 889–90 (9th Cir. 2008) (quoting *Erickson v. Pardus*,

22   551 U.S. 89 (2007); *see also Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir.1985) (*en banc*)

23   (noting that where a litigant is *pro se*, courts have an obligation "to construe the pleadings

24   liberally and to afford the [litigant] the benefit of any doubt").

25   _____

26   [2]  On March 19, 2021, defendants Harris, Holloway, and Works filed a notice to join in defendant
     BANA's motion to dismiss to the extent those arguments "pertain" to them.   (Doc. No. 12.)
27   However, defendants Harris, Holloway, and Works had already answered plaintiff's complaint
     and asserted their defenses.   Moreover, defendant BANA's arguments simply do not apply to
28   them.   Thus, the court will not consider defendants Harris, Holloway, and Works as having joined
     in defendant BANA's motion to dismiss.

1        In their proposed amended complaint, plaintiffs have added allegations regarding specific

2    conduct by defendant BANA, including that its bank manager allegedly:  monitored Lily's bank

3    account, did not investigate or report suspected embezzlement as required by bank policy,

4    communicated directly with defendant Harris as to Lily's bank account activity, refused to allow

5    Lily to remove defendant Harris from her account, refused to accept an updated power of attorney

6    signed by Lily to revoke the previous power of attorney, and told defendant Harris to withdraw

7    Lily's funds from the account because plaintiff Kennedy was pulling money out from the

8    accounts.  (*See* Doc. Nos. 14 at 2–3; 15 at 4, 6–7.)  In addition, as to the amount in controversy,

9    plaintiffs' proposed amended complaint attributes to defendant BANA $14,500 in compensatory

10   damages and $800,000 in punitive damages.  (Doc. No. 15 at 4.)  Plaintiffs' proposed amended

11   complaint also includes additional factual allegations regarding defendant Harris's conduct.  (*Id.*

12   at 4–5.)

13       In light of these additional allegations, plaintiffs' *pro se* status, and the lack of opposition

14   or response by any of the defendants to plaintiffs' motion for leave to amend, the court finds good

15   cause to grant plaintiffs' motion for leave to file an amended complaint.  *See* Fed. R. Civ. P. 15(a)

16   (leave to amend pleadings "shall be freely given when justice so requires").  Accordingly, the

17   court will direct that plaintiffs file their amended complaint within 21 days from the date of this

18   order.  Plaintiffs are cautioned that if they fail to timely file their amended complaint, the court

19   may dismiss this action for failure to prosecute.

20       Because the court will grant plaintiffs leave to file an amended complaint, defendant

21   BANA's motion to dismiss will be denied as having been rendered moot.[3]

22

23   [3]  To the extent defendant BANA may wish to assert similar arguments in any motion to dismiss
     plaintiffs' amended complaint, the court makes the following observations.  In support of its
     amount-in-controversy arguments, defendant BANA cites cases for the proposition that courts

24   examine the amount in controversy as to each defendant and do not aggregate the amounts
     attributed to multiple defendants unless they are jointly and severally liable.  (Doc. No. 8 at 9.)

25   However, in those cases relied upon by BANA, each defendant's attributed amount was
     insufficient on its own to exceed the $75,000 threshold.  *See Arya v. CALPERS*, No. 11-cv-1354-

26   GEB, 2011 WL 4501037, at *3 (E.D. Cal. Sept. 27, 2011) ("Here, plaintiff seeks a total of
     $41,600 ($9,600 plus $32,000) from CALPERS, and separately seeks $50,000 only from Golden

27   Gate Transit.  Therefore, the amounts may not be aggregated, and plaintiff has not met the
     amount in controversy requirement necessary for diversity jurisdiction with respect to each

28

1

**CONCLUSION**

2     For the reasons set forth above:

3     1.     Plaintiffs' motion for leave to file an amended complaint (Doc. No. 14) is granted;

4     2.     Plaintiffs shall file their amended complaint within twenty-one (21) days after the

5            issuance of this order;[4]

6     3.     Defendants shall file their responsive pleadings to the amended complaint no later

7            than twenty-one (21) days after service of the amended complaint;

8     4.     Plaintiffs are cautioned that their failure to timely file an amended complaint as

9            directed may lead to dismissal of this action due to plaintiffs' failure to prosecute;

10           and

11    5.     Defendant BANA's motion to dismiss (Doc. No. 8) is denied as having been

12           rendered moot by this order granting plaintiffs leave to file an amend complaint.

13    IT IS SO ORDERED.

14    Dated:   **December 27, 2021**                     _____

15                                                       UNITED STATES DISTRICT JUDGE

16

17

18

19

20

---

21    defendant."); *Coast Plaza Drs. Hosp. v. Ark. Blue Cross & Blue Shield*, No. 10-cv-06927-DDP-JEM, 2011 WL 3756052, at *2 (C.D. Cal. Aug. 25, 2011) ("The preponderance of the evidence,

22    therefore, establishes that Coast Plaza seeks less than $75,000 from each defendant."). Given that defendant BANA stated in its motion to dismiss that "[t]o be sure, plaintiffs specifically allege

23    that the various other defendants caused them harm:  the loss of $50,304 in income and $90,000 in insurance," it appears that defendant BANA recognizes that this case is inapposite to those

24    cases cited in its motion.  (Doc. No. 8 at 9.)

25    [4]  Plaintiffs are reminded that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended

26    complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).

27    Once plaintiffs file an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in any amended complaint, as in an original complaint, each claim must be

28    sufficiently alleged.