# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNEDY McDOW and LILY McDOW, | Case No. 1:21-cv-00119-ADA-SKO |
| Plaintiffs, | **ORDER AFTER NOTICE OF DEATH** |
| v. | (Doc. 38) |
| BETTY HARRIS, et al., | |
| Defendants. | |

On August 9, 2022, Defendants Betty Harris, Elnora Holloway, and Rychele Works filed a "Motion to Dismiss Due to the Death of Lily McDow." (Doc. 38.) The motion attaches a certificate of death of Plaintiff Lily McDow, indicating she died on July 12, 2022. (Doc. 38 at 8.)

Pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, the action may continue if a claim is not extinguished. "A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). If the requirements of Rule 25(a) (1) are met, "[t]he substituted party steps into the same position as [the] original party." *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996).

Because a statement noting the death has been filed on the record—and all parties received service either through the e-filing system or by mail, *see* Doc. 38 at 7—Plaintiff Lily McDow's claims must be dismissed if no motion for substitution is filed within 90 days. *See Summerfield v.*

*Fackrell*, 2012 WL 113281, at *2 (E.D. Cal. Jan. 11, 2012) (before the 90-day period begins to run, the suggestion of death must be filed on the record and served to the other parties); *see also Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994).

Accordingly, the Court **ORDERS**: Any motion to substitute a party for Plaintiff Lily McDow **SHALL** be filed **no later than November 7, 2022**.

IT IS SO ORDERED.

Dated:   **September 30, 2022**              /s/ *Sheila K. Oberto*
                                                                         UNITED STATES MAGISTRATE JUDGE

2