UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCDOW, et al., | No. 1:21-cv-00119-NODJ-SKO |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANT BANK'S MOTION TO DISMISS WITH LEAVE TO AMEND** |
| HARRIS, et al., | |
| Defendants. | **(Doc. No. 25)** |

This matter is before the Court on the Motion to Dismiss filed by Defendant Bank of America Corporate Center ("Bank") on February 1, 2022, in response to Plaintiffs' First Amended Complaint. (Def.'s Mot. Dismiss (ECF No. 25).)  For the reasons explained below, the Court **GRANTS** Defendant Bank's motion to dismiss with leave to amend.[1]

I. **BACKGROUND**

This litigation arises from a dispute among siblings regarding the provision of care and control of assets for their mother, Lily McDow, who suffered a stroke in 2019

---

[1] In the interests of justice and addressing the heavy civil caseloads in the Fresno courthouse, the undersigned resolves only the pending motion to dismiss, ECF No. 25.  Upon resolution of this motion, unless or until otherwise ordered by the Court, the case will remain as currently assigned and will retain case number No. 1:21-cv-00119-NODJ-SKO.

1

and has since passed away.  Plaintiffs Kennedy McDow and Lily McDow, proceeding *pro se*, filed a first amended complaint ("FAC") on January 18, 2022, suing Kennedy's three sisters, the Bank of America ("Bank"), and Jackson National Life Insurance Company for various claims.  (ECF 20.)

Relevant here, the FAC appears to allege that the sisters worked in concert to exercise control over McDow's assets and that the Bank refused to accept Lily McDow's amended durable power of attorney.  (*See generally* FAC.)  The Bank filed the instant motion to dismiss on February 1, 2022 (Mot. to Dismiss (ECF 25)), Plaintiffs untimely opposed (Opp'n, ECF 35), and the Bank replied (Reply, ECF 36).  Plaintiffs filed a second opposition without leave of court a few days later.  (ECF 37).  After Lily McDow's death, she was dismissed from the action,(ECF 58), and Kennedy McDow was substituted in her place as executor of the estate (ECF 76).

## II. LEGAL STANDARD

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678.  In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id*. (citing *Twombly*, 550 U.S. at 555).  This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id*. at 679.

## III. ANALYSIS

In the motion to dismiss, the Bank asserts three reasons for this Court to dismiss Plaintiffs' first amended complaint.  First, because the *Younger* doctrine purportedly applies, the Court should abstain from adjudicating the matter.  Second, dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs fail to state a claim against the Bank, and third, dismissal is warranted because the Bank does not owe Plaintiff Lily McDow any fiduciary duty.  (*See generally* Opp'n).  The

Court analyzes each argument in turn.

### A.    *Younger* Doctrine

The Bank first asserts that the *Younger* doctrine prevents this Court from adjudicating Plaintiffs' claims on account of an underlying conservatorship proceeding. (Mot. to Dismiss at 6.) Federal district courts have abstained from exercising subject matter jurisdiction when conservatorship proceedings are ongoing under California law. *Maier v. Orosco*, No. EDCV 12-1122 GAF (AJW), 2012 WL 5425831, at *2 (C.D. Cal. Aug. 30, 2012) (internal citations omitted). Ordinarily, *Younger* abstention is appropriate when state proceedings of a judicial nature are ongoing, implicate important state interests, and provide an adequate opportunity to raise federal questions. *Id.* (citing *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

This Court finds the Bank's arguments regarding the *Younger* doctrine moot as Plaintiff Lily McDow passed away after the filing of the instant motion and the executor of her estate has since been substituted in her place. (*See* ECF 76.) Therefore, as the underlying conservatorship proceeding has ceased, application of the *Younger* doctrine is not warranted.

### B.    **Failure to State a Claim under FRCP 12(b)(6) and Lack of Fiduciary Duty**

As to the Bank's remaining arguments, the Court concludes that the Complaint, as currently drafted, fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).) While the FAC alleges the Bank did not honor amended powers of attorney presented to it (*see generally,* FAC at 7), the Complaint fails to identify a cause of action against the Bank; that is, it does not identify a law that has been violated or a specific duty that has been breached together with sufficient factual content to support that breach or violation.

Plaintiff will be given leave to file an amended complaint.  If Plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above.  Any amended complaint must be complete in itself.  The Court cannot refer to a prior complaint to understand Plaintiff's claims.

In an amended complaint, Plaintiff must clearly identify each Defendant and the action that Defendant took that violated Plaintiff's rights.  The Court is not required to review exhibits to determine what Plaintiff's charging allegations are as to each named Defendant.  If Plaintiff wishes to add a claim, he must include it in the body of the complaint.  The charging allegations must be set forth in the amended complaint, so Defendants have fair notice of the claims Plaintiff is presenting.  That said, Plaintiff need not provide every detailed fact in support of his claims.  Rather, Plaintiff should provide a short, plain statement of each claim.  *See* Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and Plaintiff is entitled to relief if Plaintiff's allegations are true.  It must also contain a request for particular relief.  Fed. R. Civ. P. 8(a)(1), (3).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If Plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

An amended complaint must be complete in itself, without reference to any prior pleading. E.D. Cal. R. 220.  Once Plaintiff files an amended complaint, the original pleading is superseded.  By signing an amended complaint, Plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule, the court may impose sanctions sufficient to deter repetition by Plaintiff or others.  Fed. R. Civ. P. 11.

////

////

### IV. CONCLUSION

For the reasons stated, the Court **GRANTS** the motion to dismiss with leave to amend. Plaintiff shall file an amended complaint within twenty-one (21) days of this Order.

This resolves ECF No. 25.

IT IS SO ORDERED.

Dated:   **January 3, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE