# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNEDY MCDOW, et al. | Case No. 1:21-cv-00119-KES-SKO |
| Plaintiffs, | **FINDINGS AND RECOMMENDATIONS THAT DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS BE GRANTED WITH LEAVE TO AMEND** |
| v. | |
| BETTY HARRIS, et al., | |
| Defendants. | (Doc. 91) |
| | **OBJECTIONS DUE: 21 DAYS** |

## I.   INTRODUCTION

On February 16, 2024, Defendant Bank of America, N.A. ("BANA") filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) alleging that Plaintiffs Kennedy McDow ("McDow") and the Estate of Lily McDow (collectively, "Plaintiffs") have failed to state a claim.  (Doc. 91.) The Court found the matter suitable for decision without oral argument pursuant to Local Rule 230(g) on February 22, 2024, and vacated the hearing.  (Doc. 92.)

McDow filed a response to the motion on October 29, 2024 (Doc. 98), and a second response on July 21, 2025 (Doc. 101).  BANA replied to the second response on July 30, 2025.[1]  (Doc. 102.) On August 25, 2025, the motion was referred to the undersigned for findings and recommendations

---

[1] In its reply brief, BANA notes that McDow's July 21, 2025 response was filed "nearly a year and a half" late and urges the Court to disregard the untimely filing.  (*See* Doc. 102 at 2.)  But McDow filed an initial response to the motion nine months prior, on October 29, 2024, to which BANA did not reply, much less object.  In the absence of any apparent prejudice, which BANA has not shown, the undersigned will consider both of McDow's responses (which are largely duplicative).  Plaintiffs are cautioned that any future failures to comply with this Court's deadlines will be looked upon with disfavor.

pursuant to 28 U.S.C. § 636(b).  (Doc. 103.)  For the reasons set forth below, the undersigned recommends that BANA's motion to dismiss be granted, with leave to amend.

## II.   BACKGROUND[2]

This litigation arises from a dispute among siblings regarding the provision of care and control of assets for their mother, Lily McDow, who suffered a stroke in 2019 and has since passed away.  (Doc. 38; Doc. 86; Doc. 89.)  After being granted leave to amend (*see* Doc. 86), Plaintiffs, proceeding pro se, filed the operative second amended complaint ("SAC") on January 26, 2024, suing McDow's four sisters and BANA.  (Doc. 89.)  Relevant here, the SAC claims that BANA "played a part" in its co-defendants' "elder abuse" of Lily McDow, alleging that BANA's bank manager advised her co-defendants to get a power of attorney so that they could "take over" Lily's BANA account, refused to allow Lily to remove Defendant Betty Harris from the account to "regain control of her money," refused to accept an updated power of attorney by Lily to revoke a previous power of attorney, and advised Defendant Harris to withdraw Lily's funds from the account before she could arrive at the bank to object.  (*See* Doc. 89 at 5–6.)

## III.   LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory, or the absence of sufficient facts alleged under a cognizable legal theory.  *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted).  In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading.  *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  Courts may not supply essential elements not initially pleaded, *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014), and "'conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim,'" *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th

---

[2] The following facts are drawn from Plaintiff's Second Amended Complaint (Doc. 89), which is the operative pleading.  All well-pleaded factual allegations—as opposed to legal conclusions—are assumed to be true for purposes of BANA's motion to dismiss.  *See Robinson v. Salazar,* 838 F. Supp. 2d 1006, 1014–15 (E.D. Cal. 2012).

Cir. 2010) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (quotation marks omitted); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Huynh*, 465 F.3d at 996-97; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000). Further,

> If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6). Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im*plausible. The standard at this stage of the litigation is not that plaintiff's explanation must be true or even probable. The factual allegations of the complaint need only "plausibly suggest an entitlement to relief."
> . . . Rule 8(a) "***does not impose a probability requirement at the pleading stage***; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the allegations.

*Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011) (internal citations omitted) (emphasis in original).

In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

### IV.   DISCUSSION

BANA contends that dismissal is appropriate under Rule 12(b)(6) because it does not owe and did not breach any fiduciary duty to Lily McDow, and Plaintiffs have not pleaded adequately a claim for elder abuse under California law. (Doc. 91 at 7–8; Doc. 102 at 3.) Both the SAC and McDow's responses make clear, however, that Plaintiffs are not attempting to bring a claim for breach of fiduciary duty against BANA. Instead, as described above, Plaintiffs claim BANA

1  "played a part" in the "elder abuse" of Lily McDow by her daughters by assisting them in taking
2  control of Lily's finances. (*See* Doc. 89 at 5–6. *See also* Doc. 98 at 2; Doc. 101 at 2–3.) The
3  undersigned agrees with BANA that this claim is inadequately pleaded and will recommend that
4  the motion to dismiss be granted with leave to amend to correct the deficiency.

5  Under California law, financial abuse of an elder occurs "when a person or entity . . . [t]akes,
6  secretes, appropriates, obtains, or retains . . . [or] [a]ssists in taking, secreting, appropriating,
7  obtaining, or retaining real or personal property of an elder . . . for a wrongful use or with intent to
8  defraud, or both."[3] Cal. Welf. & Inst. Code § 15610.30(a)(1)–(2). An "elder" is "any person . . .
9  65 years of age or older." *Id*. § 15610.27. The parties do not dispute that Lily McDow was over
10 65 in 2019, when the alleged financial abuse began. (*See* Doc. 38 at 8.)

11 A defendant may be found liable for assisting in financial elder abuse under an aiding and
12 abetting standard. *Das v. Bank of Am., N.A.*, 186 Cal. App. 4th 727, 744–45 (2010). *See Alexander*
13 *v. Wells Fargo Bank, N.A.*, No. 23-CV-617-DMS-BLM, 2023 WL 8358550, at *4 (S.D. Cal. Dec.
14 1, 2023). To state such a claim, the plaintiff must plead that the defendant "knows the other's
15 conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other
16 to so act." *Id*. at 744. When "a bank provides ordinary services that effectuate financial abuse by
17 a third party, the bank may be found to have 'assisted' in the financial abuse only if it knew of the
18 third party's wrongful conduct." *Id*. at 745. *See Ma v. Bank of Am., N.A.*, No. 24-3567, 2025 WL
19 2180792, at *1 (9th Cir. Aug. 1, 2025); *Gray v. JPMorgan Chase Bank, N.A.*, 661 F. Supp. 3d 991,
20 997 (C.D. Cal. 2023). To be liable for elder abuse, there must be actual knowledge, not constructive
21 knowledge. *Bortz v. JPMorgan Chase Bank, N.A.*, No. 21-cv-618-TWR, 2021 WL 4819575, at *5
22 (S.D. Cal. Oct. 15, 2021).

23 Plaintiffs fail to allege sufficient facts to support a claim for financial elder abuse under
24 either subdivision (a)(1) or (2) of Cal. Welf. & Inst. Code § 15610.30. As BANA points out, there

---

[3] Although not mentioned in the SAC, McDow's responses reference 42 U.S.C. § 3058i, sometimes referred to as the Elder Abuse and Extortion Act. (*See* Doc. 98 at 2; Doc. 101 at 3.) As there is no private right of action under this statute, Plaintiffs do not have a federal cause of action for elder abuse under 42 U.S.C. § 3058i. *See Sohn v. California Hous. Fin. Agency*, No. 20-CV-03780-BLF, 2021 WL 3173301, at *5 (N.D. Cal. July 27, 2021) (Elder Abuse and Extortion Act does not create a private right of action); *Sienze v. Madera Cty. Sheriff's Office*, No. 1:17-CV-00736-AWI-SAB, 2017 WL 2423672, at *7 (E.D. Cal. June 5, 2017) ("The Court finds that Congress did not intend to create a private right of action under section 3058i.").

are no allegations that BANA took or obtained Lily McDow's property for a wrongful use or with intent to defraud. *Id*. § 15610.30(a)(1); *see, e.g., Miller v. Bank of Am., N.A.*, No. 1:21-CV-00337-JLT, 2022 WL 3704093, at *5 (E.D. Cal. Aug. 26, 2022) (no claim for a "direct taking" under § 15610.30(a)(1) where bank "merely processed" transactions). As to subdivision (a)(2), while Plaintiffs allege that BANA's bank manager advised her co-defendants to get a power of attorney so that they could "take over" Lily McDow's BANA account, refused to allow Lily to remove Defendant Harris from the account, refused to accept an updated power of attorney by Lily to revoke a previous power of attorney, and advised Defendant Harris to withdraw Lily's funds from the account, they do not plead any facts demonstrating that BANA's bank manager undertook those acts with actual knowledge of wrongful conduct by her co-defendant(s). *Bortz*, 2021 WL 4819575, at *5.

## V.     CONCLUSION AND RECOMMENDATIONS

In sum, because Plaintiffs have not sufficiently pleaded (1) a direct wrongful taking by BANA or (2) BANA's assistance in a wrongful taking by its codefendant(s) with actual knowledge of such wrongdoing, they have not stated a claim for financial elder abuse under Cal. Welf. & Inst. Code § 15610.30(a) against BANA.

The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted). Here, the undersigned cannot say amendment would be futile.[4] *See Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960) (noting that the Ninth Circuit has a policy of "extreme liberality generally in favoring amendments to pleadings."); Fed. R. Civ. P. 15(a) (providing that leave to amend should be granted "freely" when justice so requires).

Accordingly, the undersigned RECOMMENDS that BANA's motion to dismiss (Doc. 91)

---

[4] Plaintiffs should note, however, that the Court will not accept conclusory allegations in an amended complaint. *See Twombly*, 550 U.S. at 555 (Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

be GRANTED with leave to amend.[5]

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. **Within twenty-one (21) days of service of these recommendations**, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 5, 2025**                    /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE

---

[5] Although not raised in the motion to dismiss, the undersigned observes that Plaintiff Estate of Lily McDow purports to proceed pro se in this matter through its executor, McDow. In federal court, "parties may plead and conduct their own cases personally or by counsel . . . ." 28 U.S.C. § 1654. "It is well established that the privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities." *Simon v. Hartford Life, Inc*., 546 F.3d 661, 664 (9th Cir. 2008). Courts adhere to a "general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity." *Id*. This prohibition applies to non-attorney executors, administrators, and personal representatives seeking to represent a decedent's estate. *See id*. at 666 (citing *Jones v. Corr. Med. Servs*., 401 F.3d 950, 951-52 (8th Cir. 2005) (non-attorney administrator of decedent's estate may not proceed pro se on behalf of estate); *Iannaccone v. Law*, 142 F.3d 553, 559 (2nd Cir. 1998) (administrator of estate may not appear pro se on behalf of estate); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2nd Cir. 1997) (executrix may not appear pro se on behalf of estate)). Thus, McDow may not pursue claims on behalf of the Estate pro se, and any claims alleged by the Estate in an amended complaint must be brought by an attorney licensed to practice law in California, or else be subject to dismissal without prejudice.