UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNEDY MCDOW, et al.,<br>Plaintiffs,<br>v.<br>BETTY HARRIS, et al.,<br>Defendants. | Case No. 1:21-cv-00119-KES-EGC<br>**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF ESTATE OF LILY MCDOW BE DISMISSED**<br>(Doc. 7)<br><u>FOURTEEN-DAY DEADLINE</u> |

On August 28, 2026, the assigned district judge issued findings and recommendations which "notified" Plaintiffs that "[P]laintiff Estate of Lily McDow may not proceed pro se in this action through its non-attorney executor Kennedy McDow," and referred the case back to the undersigned for further proceedings consistent with the Court's order. (Doc. 119 at 2)

On August 28, 2026, an order issued for Plaintiff Estate of Lily McDow to show cause ("OSC") within thirty days why Plaintiff Estate of Lily McDow should not be dismissed for the failure to comply with the requirement that a trust cannot proceed in an action without representation by an attorney. (Doc. 120). Plaintiff Estate of Lily McDow was warned in the OSC that failure to obtain representation for this Plaintiff and otherwise comply with the Court's order would result in a recommendation to the presiding district judge of the dismissal of Plaintiff Estate of Lily McDow. (*Id*. at 2). Plaintiff Estate of Lily McDow has not filed any response, nor has any appearance been entered for this Plaintiff, and the time to do so has passed. (*See* Docket).

An estate must appear in federal court through a licensed attorney. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008); *Chipman v. Nelson*, No. 211CV2770TLNEFBPS, 2016

WL 4943843, at *5 (E.D. Cal. Sept. 15, 2016), *report and recommendation adopted*, No. 211CV2770TLNEFBPS, 2016 WL 5870765 (E.D. Cal. Oct. 7, 2016), *aff'd*, 848 F. App'x 753 (9th Cir. 2021). Therefore, Plaintiff Kennedy McDow may not represent the interests of the Estate, they must retain an attorney to do so. *See United States v. Stepard*, 876 F. Supp. 214, 215 (D. Ariz. 1994) ("[A] trustee or representative of various entities may not represent these entities in any capacity in this District Court" as a pro se litigant.); *see also Simon*, 546 F.3d at 667 ("[A]bsent statutory authority stating otherwise, the general rule against permitting pro se litigants from representing others is applicable.").

The Local Rules of the United States District Court for the Eastern District of California, corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, to obey a court order, or to comply with local rules. *See*, *e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260□61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Based on Plaintiff's failure to comply with, or otherwise respond to, the OSC, there is no alternative but to dismiss the action for their failure to obey court orders and the Federal Rules of Civil Procedure.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff Estate of Lily McDow be dismissed for failure to obey court orders and the Federal Rules of Civil Procedure.

These Findings and Recommendation will be submitted to the assigned United States District Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with these Findings and Recommendation, any party may file written objections

with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Court DIRECTS the Clerk of Court to send a copy of this Order to *pro se* Plaintiffs at their addresses as listed on the docket for this matter.

IT IS SO ORDERED.

Dated: **October 4, 2026**

Erin Sun Castillo

UNITED STATES MAGISTRATE JUDGE